UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 3:15-cr-358
    CHIEF JUDGE EDMUND A. SARGUS, JR.

YAHYA FAROOQ MOHAMMAD, et al.,

    Defendants.

## OPINION AND ORDER

Defendants Yahya Farooq Mohammad ("Farooq") and Ibrahim Zubair Mohammad ("Ibrahim") have moved for the production and inspection of the grand jury minutes in this matter. For the following reasons, that Motion [ECF No. 84] is **DENIED**.

### I.

Farooq and Ibrahim were indicted on September 30, 2015, along with their co-Defendants Asif Ahmed Salim and Sultane Roome Salim, and charged with (Count 1) conspiracy to provide and conceal material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 2) providing material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 3) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (brought against Farooq and Ibrahim only); and (Count 4) conspiracy to obstruct justice, in violation of 18 U.S.C. 1512(k). (Indictment at 12–72 [ECF No. 1].)

The Government accuses Defendants of conspiring to provide, and actually providing, funds and other material support to Anwar al-Awlaki for the preparation and execution of terrorist attacks and killings. (*See* Indictment at 12, 68.) The Government contends that Defendants conspired to obstruct its investigation into their illicit fundraising by making false

statements to the FBI and destroying or concealing records. (*Id.* at 65–67, 71–72.) And as to Farooq and Ibrahim, the Government additionally alleges that they conspired to raise money for al-Awlaki through various fraudulent credit card and PayPal transactions. (*Id.* at 68–71.)

On May 9, 2016, Farooq moved the Court for the production of the grand jury minutes in this matter. (Mot. for Inspection at 1 [ECF No. 84].) More specifically, he requested several orders:

> (1) [an order] requiring disclosure and production of the entire minutes of the proceedings before the grand jury which returned the indictment in this matter; including, but not limited to, any instructions given to the grand jury regarding the necessary specific intent required for the material support to terrorism counts under 18 U.S.C. § 2339A *vis-à-vis* the lawful exercise of religion; or in the alternative, (2) [an order] requiring production of said minutes to the Court for its *in camera* inspection so as to determine whether the decision to indict was substantially influenced by improper instructions on the law which violated Defendant's aforesaid First Amendment rights; and/or (3) any other relief this Court, in the exercise of its supervisory powers, deems appropriate.

(*Id.*) Ibrahim later joined Farooq's request. (Second Mot. to Join Mots. at 1 [ECF No. 155].)

Farooq and Ibrahim contend that the Government could not have obtained a grand jury indictment against them under 18 U.S.C. § 2339A without inaccurately instructing the grand jury on the law. (*See* Mot. for Inspection at 3, 9–10.) Section 2339A mandates the punishment of anyone who

> provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section . . . 1114, . . . 2332, . . . [or] 2332b . . . or attempts or conspires to do such an act.

18 U.S.C. § 2339A(a). Because they purportedly could not have contributed to al-Awlaki or Al-Qaeda in the Arabian Peninsula ("AQAP") *knowing or intending* that the support be used in preparing for, or carrying out, a violation identified in § 2339A, Farooq and Ibrahim argue that

2

they could only have been indicted if the Government instructed the grand jury to indict based on the exercise of their First Amendment rights. (*See* Mot. for Inspection at 3.)

Farooq and Ibrahim insist that they could not have provided material support knowing or intending that such support be used in preparing for, or carrying out, a violation identified in § 2339A because at the time that the Government accuses them of providing such support—July 2009—al-Awlaki was not designated by the Secretary of State as a terrorist, nor had al-Awlaki yet publicly endorsed any particular violent acts of jihad. (*See* Mot. for Inspection at 3, 6–8.) Farooq and Ibrahim further argue that any funds provided to al-Awlaki in July 2009 could not have been given knowing or intending that they be used to support the terrorist plots referenced in the Indictment—Umar Farouk Abdulmutallab's attempt to destroy Northwest Airlines Flight 253 and Nidal Malik Hasan's shooting spree at Fort Hood, Texas. (*See id.* at 6–8.) Abdulmutallab did not connect with al-Awlaki until mid-August 2009, and al-Awlaki did not show his support for Hasan until November 2009, they argue. (*See id.*) Farooq and Ibrahim offer a similar timing argument to refute their alleged material support of AQAP. (*See id.*)

## II.

Under Federal Rule of Criminal Procedure 6(e)(1), all grand jury proceedings, except the grand jury's deliberation or voting, "must be recorded by a court reporter or by a suitable recording device." Fed. R. Crim. P. 6(e)(1). Grand jury proceedings, and recordings, are generally kept secret. *See* Fed. R. Crim. P. 6(e)(2). As the Supreme Court has explained, "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Several distinct interests are served by safeguarding the confidentiality of grand jury proceedings:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom

3

> they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Id.* at 219.

The secrecy of grand jury proceedings has some limits, though. As relevant here, the Court "may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). A party requesting a grand jury transcript must demonstrate a particularized need for the transcript. *Douglas Oil*, 441 U.S. at 221; *United States v. Sinclair*, No. 4:15-cr-155, 2016 WL 199042, at *10 (N.D. Ohio Jan. 18, 2016). To demonstrate a particularized need, a party must establish (1) that the material sought is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that the disclosure request is structured to cover only the material needed. *Douglas Oil*, 441 U.S. at 222; *Sinclair*, 2016 WL 199042, at *10.

As noted earlier, Farooq and Ibrahim request the grand jury transcript based on a two-part argument: (1) Given the timing of the events in question, Farooq and Ibrahim could not have violated 18 U.S.C. § 2339A; therefore, (2) the Government must have inaccurately instructed the grand jury to indict them under § 2339A based on the exercise of their First Amendment rights. (*See* Mot. for Inspection at 3–10 [ECF No. 84].) Farooq and Ibrahim direct the Court's attention to the second part of their argument—that the Government must have provided the grand jury with inaccurate legal instructions. But integral to that assertion is the first part of their argument—that Farooq and Ibrahim could not have otherwise violated § 2339A. And this first

part of the argument is, essentially, an attempt to challenge the sufficiency of the evidence supporting the grand jury indictment. (*See id.* at 9–10 ("Counsel are not unmindful that review of facially valid indictments on the grounds of sufficiency of the evidence is not warranted.").)

As Farooq and Ibrahim seem to acknowledge, "'[i]t would run counter to the whole history of the grand jury institution' to permit an indictment to be challenged 'on the ground that there was inadequate or incompetent evidence before the grand jury.'" *United States v. Williams*, 504 U.S. 36, 54 (1992) (quoting *Costello v. United States*, 350 U.S. 359, 364 (1956)). "Neither justice nor the concept of a fair trial requires" that the Court review facially valid indictments on such grounds. *Costello*, 350 U.S. at 364. Farooq and Ibrahim suggest that "in light of the constitutional questions presented, . . . a serious doubt might exist on even the face of th[e] [I]ndictment." (Mot. for Inspection at 10.) They neglect, however, to offer any additional explanation of how the Indictment could be defective on its face, and the Court, thus, disregards any challenge to the facial validity of the Indictment that Defendants might be attempting to make. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293 (1st Cir. 1995))). Given that Farooq and Ibrahim are essentially requesting the grand jury transcript to assist them in advancing a sufficiency of the evidence challenge against a facially valid Indictment, the Court concludes that they have failed to demonstrate a particularized need for obtaining the transcript.

Although this conclusion, by itself, is sufficient to deny Farooq and Ibrahim's Motion, the Court also notes that Farooq and Ibrahim's request is deficient in at least two other ways.

Farooq and Ibrahim fail to indicate why their need for disclosure outweighs the public's need to maintain the secrecy of grand jury proceedings. *See United States v. Demarey*, No. 95-1083, 81 F.3d 161 (Table), 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996) ("[T]o lift the veil of secrecy surrounding the grand jury proceedings, the defendant must demonstrate that a particularized need outweighs the general rule of grand jury secrecy."). Farooq and Ibrahim speculate that the only way they could have been indicted is if the Government instructed the grand jury to indict based on First Amendment-protected speech. (*See* Mot. for Inspection at 3, 9–10 [ECF No. 84].) But mere speculation, devoid of any corroborating facts, does not outweigh the compelling need for grand jury secrecy. *See Demarey*, 81 F.3d 161 (Table), 1996 WL 145870, at *2 ("[The defendant] merely suggests that the proceedings *could have been* tainted. However, mere allegations of improper procedure without any facts supporting those allegations are not enough to demonstrate particularized need.").

And Farooq and Ibrahim fail to structure their disclosure request so that it covers only the material needed. Given their concern about inaccurate legal instructions, a properly tailored request would be for the disclosure of only the portions of the grand jury transcript where the grand jury is instructed on the law surrounding § 2339A. Farooq and Ibrahim, however, request "*the entire minutes of the proceedings* before the grand jury which returned the indictment in this matter." (Mot. for Inspection at 1 (emphasis added).) "Rule 6(e) does not permit a fishing expedition at the expense of grand jury secrets," and neither will this Court. *United States v. Price*, 582 F. App'x 846, 850 (11th Cir. 2014); *cf. Douglas Oil*, 441 U.S. at 219–20 ("[I]n some situations justice may demand that *discrete portions of transcripts* be made available for use in subsequent proceedings." (emphasis added)).

6

## III.

For the reasons stated above, Farooq and Ibrahim's Motion [ECF No. 84] for the production and inspection of the grand jury minutes is **DENIED**.

**IT IS SO ORDERED.**

_5-11-2017_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**