UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

Case No. 3:15-cr-358
**CHIEF JUDGE EDMUND A. SARGUS, JR.**

**YAHYA FAROOQ MOHAMMAD, et al.,**

    **Defendants.**

## OPINION AND ORDER

Defendant Yahya Farooq Mohammad ("Farooq") has moved for an order requiring the Government to provide notice, at least 45 days before trial, of the evidence the Government intends to introduce under Federal Rule of Evidence 404(b). (Mot. at 1 [ECF No. 86].) This notice, Farooq argues, should include a disclosure of various "particulars" of "other crimes" evidence the Government intends to introduce at trial. (*Id.* at 2.) The particulars Farooq seeks are

    a. The dates, times, places[,] and persons involves in said crimes, wrongs, or acts;

    b. A detailed description of said crimes, wrongs[,] or acts;

    c. The statement of each participant in said other crimes, wrongs, or acts;

    d. The documents which contain evidence of said other crimes, wrongs[,] or acts, including a statement describing when the documents were prepared, by whom the documents were prepared, and who has had possession of the documents since the alleged commission of the crimes, wrongs[,] or acts; and,

    e. A statement of the issue or issues to which the government believes such other crimes, wrongs, or acts evidence may be relevant under the Fed. R. Evid. 404(b).

(*Id.*) Farooq has also moved for the "pretrial production of material that is admissible under [Federal Rule of Evidence] 608(b) to the extent the evidence constitutes 'other act' evidence

within the meaning of Rule 404(b) . . . or [is] evidence subject to disclosure under Rule 16." (*Id.* at 2–3.) For the following reasons, Farooq's Motion [ECF No. 86] is **GRANTED IN PART** and **DENIED IN PART**.

### A.    Notice Under Rule 404(b)

The Government does not object to providing Farooq with notice, at least 45 days before trial, of its intent to introduce Rule 404(b) evidence. (Resp. at 1 [ECF No. 98].) The Government objects, however, to Farooq's request that the Government provide, in its notice under Rule 404(b), particulars about the "other crimes" evidence it intends to introduce at trial. (*Id.* at 1–2.)

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This type of evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

As relevant here, Rule 404(b) includes a notice provision. On a criminal defendant's request, the prosecutor must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2). The prosecutor must provide this notice "before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.*

Farooq has requested that the Government's notice under Rule 404(b) include detailed particulars about "other crimes" evidence. (Mot. at 2.) This request is not supported by the text of Rule 404(b). The Rule does not provide for a detailed or particularized notice. The Rule simply provides for *"reasonable notice."* Fed. R. Evid. 404(b)(A) (emphasis added). This notice

2

must inform the defendant of "the *general nature* of any [404(b)] evidence that the prosecutor intends to offer at trial." *Id.* (emphasis added).

The case law interpreting Rule 404(b) does not support Farooq's request either. Courts have consistently rejected defendants' efforts to obtain detailed information through Rule 404(b) notices. *See, e.g., United States v. Nance*, 168 F. Supp. 3d 541, 549 (W.D.N.Y. 2016) (explaining that Rule 404(b)'s notice requirement does "not translate into a rule that the Government *immediately* identify the *particular* Rule 404(b) evidence it intends to use at trial"); *United States v. Myles*, No. 5:15-CR-00172-F-18, 2015 WL 9413098, at *4 (E.D.N.C. Dec. 22, 2015) (denying the defendant's request for the specific 404(b) evidence that the government intended to use); *United States v. Kersey*, No. 5:15-CR-00184, 2015 WL 9223002, at *3 (E.D.N.C. Dec. 17, 2015) (denying the defendant's request for "the specific evidence" the government intended to use); *United States v. Martoma*, No. 12 Cr. 973, 2014 WL 31213, at *3 (S.D.N.Y. Jan. 6, 2014) (denying the defendant's request for "complete" information regarding the government's intended 404(b) evidence).

Farooq cites several cases, and the Advisory Committee Notes, for the proposition that the proper time and form of a Rule 404(b) notice largely depends on the circumstances of the particular case. (Mot. at 2.) Farooq's observation is accurate, but it does not alter the conclusion that notice under Rule 404(b) need only offer the "general nature" of the evidence the Government intends to introduce at trial. Fed. R. Evid. 404(b)(2)(A); *see United States v. Blount*, 502 F.3d 674, 677–78 (7th Cir. 2007) ("[W]hat constitutes a reasonable request or disclosure will depend largely on the circumstances of each case. . . . The real question, though, is whether the notice was adequate. Mindful of Rule 404(b)'s requirement that the government provide the

3

"general nature" of the evidence, courts have not been stringent in this regard." (internal quotation marks omitted)).

In sum, the Government need not provide the particulars requested in Farooq's Motion. Rather, the Government shall provide, at least 45 days before trial, reasonable notice of the general nature of any evidence under Rule 404(b) that it intends to offer at trial.

**B.     Rule 608(b) Material**

Farooq, as noted above, has also requested the "pretrial production of material that is admissible under [Federal Rule of Evidence] 608(b) to the extent the evidence constitutes 'other act' evidence within the meaning of Rule 404(b) . . . or [is] evidence subject to disclosure under Rule 16." (Mot. at 2–3.) The Government opposes this request. (Resp. at 2–3.) Although, to be clear, the Government interprets Farooq's request as simply one for pretrial "notice of evidence the government intends to use for impeachment purposes pursuant to Rule 608(b)." (*Id.* at 2.)

To the extent that the Government's interpretation is accurate, and Farooq requests pretrial notice or pretrial disclosure of all Rule 608(b) material, Farooq's request lacks merit.

Rule 608(b) provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). The Court may, however, "allow [specific instances] to be inquired into [on cross-examination] if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." *Id.*

Rule 608(b) does not grant defendants a right to advanced notice of the Government's intention to challenge the credibility of a witness through cross-examination. *See* Fed. R. Evid. 608(b); *see also United States v. Brock*, No. 3:06-CR-73, 2006 WL 3511140, at *5 (E.D. Tenn.

4

Dec. 1, 2006) (denying the defendant's request for pretrial notice of Rule 608(b) material because there is no notice provision in the Rule); *United States v. Lino*, No. 00 CR. 632, 2001 WL 8356, at *22 n.7 (S.D.N.Y. Jan. 2, 2001) ("[T]here is no notice provision in Rule 608(b).").

A request for pretrial disclosure under Rule 608(b) is equally unavailing. Nothing in the Rule's language implies an obligation on the Government's part to disclose potential impeachment material prior to trial. *See* Fed. R. Evid. 608(b); *see also United States v. Maitra*, No. 2:13-CR-86, 2013 WL 6388661, at *3 (N.D. Ind. Dec. 6, 2013) ("The Government rightly points out that Rule 608(b) does not require pretrial disclosure of anything."); *United States v. Wingers*, No. 07-CR-323, 2008 WL 1730320, at *3 (E.D. Wis. Apr. 10, 2008) ("Rule 608(b), unlike Rule 404(b), does not contain a provision for pre-trial disclosure."); *United States v. Oliva*, No. 02 CR 275, 2003 WL 260676, at *2 (N.D. Ill. Feb. 6, 2003) (stating that "Rule 608(b) does not require disclosure of any evidence which might be used for impeachment purposes").

The Court, however, reads Farooq's request more narrowly than the Government does. Farooq does not appear to request pretrial notice or pretrial production of all 608(b) material. (*See* Mot. at 2–3.) Rather, Farooq requests pretrial production of only those Rule 608(b) materials that also constitute (i) "other act" evidence under Rule 404(b) or (ii) evidence subject to disclosure under Federal Rule of Criminal Procedure 16. (*See id.*) Farooq cites *United States v. MacMahon*, No. 11 CR 513, 2012 U.S. Dist. LEXIS 84258, at *3–4 (N.D. Ill. June 15, 2012), in support of his request. The court in *MacMahon* stated, in relevant part:

> As a general rule, a defendant is not entitled to pretrial production of material to be used for impeachment purposes pursuant to Fed. R. Evid. 608(b). However, to the extent that evidence that may be used to impeach under Rule 608(b) also constitutes "other act" evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16, the fact that it might also be admissible under Rule 608(b) does not excuse the government from pretrial disclosure pursuant to the previous paragraph of this order.

5

*Id.* at *3. The Court agrees with the *MacMahon* court's holding that otherwise disclosable evidence should not be withheld on the basis of that evidence also serving as Rule 608(b) impeachment material. The Court disagrees, though, with the *MacMahon* court's holding to the extent it implies that the Government has a notice obligation under Rule 404(b) other than to "provide reasonable notice of the general nature of any such evidence that the [Government] intends to offer at trial." Fed. R. Evid. 404(b)(2)(A).

The Court, in sum, **GRANTS IN PART** and **DENIES IN PART** Farooq's Motion [ECF No. 86]. With respect to Rule 608(b) material, the Government shall produce material prior to trial only if a separate rule or doctrine requires the material's production. And as to Rule 404(b) evidence, the Government shall provide, at least 45 days before trial, reasonable notice of the general nature of any evidence under the Rule it intends to offer at trial.

**IT IS SO ORDERED.**

5-31-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**