UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

YAHYA FAROOQ MOHAMMAD, et al.,

    Defendants.

Case No. 3:15-cr-358
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Defendant Yahya Farooq Mohammad ("Farooq") has moved for a pretrial evidentiary hearing on the co-conspirator statements that the Government intends to present against him. (Mot. at 1 [ECF No. 82].) Alternatively, Farooq requests a formal written proffer by the Government that would permit the Court to determine, preliminarily, and prior to the impaneling of the jury or the swearing of the first witness, the admissibility of the co-conspirator statements. (*Id.*) The Government opposed Farooq's Motion because, when it was filed on May 9, 2016, the Government considered it to be premature. (Resp. at 2 [ECF No. 101].) The Government proposed that the Court deny the Motion without prejudice and direct Farooq to raise the issue at a later date, closer to trial. (*Id.* at 2–3.)

Farooq and his co-Defendants, Ibrahim Zubair Mohammad, Sultane Roome Salim, and Asif Ahmed Salim, were indicted on September 30, 2015, and charged with (Count 1) conspiracy to provide and conceal material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 2) providing material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 3) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (brought against

Farooq and Ibrahim only); and (Count 4) conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k). (Indictment at 12–72 [ECF No. 1].)

The Government accuses Defendants of conspiring to provide, and actually providing, funds and other material support to Anwar al-Awlaki for the preparation and execution of terrorist attacks and killings. (*See* Indictment at 12, 68.) The Government contends that Defendants conspired to obstruct its investigation into their illicit fundraising by making false statements to the FBI and destroying or concealing records. (*Id.* at 65–67, 71–72.) And as to Farooq and Ibrahim, the Government additionally alleges that they conspired to raise money for al-Awlaki through various fraudulent credit card and PayPal transactions. (*Id.* at 68–71.)

Farooq will be tried separately from his co-Defendants. He faces trial on the charges listed above and on separate charges relating to his alleged plot to hire a hitman to murder United States District Judge Jack Zouhary.[1] Farooq's trial is scheduled to begin on July 10, 2017. With trial just over a month away, Farooq's Motion regarding the admissibility of co-conspirator statements is now ripe for review.

Under Federal Rule of Evidence 801(d)(2)(E), a statement of a co-conspirator made during the course and in furtherance of the conspiracy is not considered hearsay. Fed. R. Evid. 801(d)(2)(E); *United States v. Emuegbunam*, 268 F.3d 377, 395 (6th Cir. 2001). To admit a co-conspirator statement under Rule 801(d)(2)(E), a district court must find by a preponderance of the evidence that "(1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009); *see Emuegbunam*, 268 F.3d at 395.

---

[1] The four charges listed above form the basis of case number 3:15-cr-358. The charges relating to Farooq's alleged murder-for-hire plot form the basis of case number 3:16-cr-222.

A district court must find that a co-conspirator's statements meet the requirements of Rule 801(d)(2)(E) before admitting those out-of-court statements. Fed. R. Evid. 104(a); *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008). And in making this preliminary determination—also known as an *Enright* finding—courts in the Sixth Circuit have at least three options. *See Warman*, 578 F.3d at 335; *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979); *see also United States v. Enright*, 579 F.2d 980, 986–87 (6th Cir. 1978) (concluding that a judge must make the preliminary determination regarding the existence of the conspiracy and the defendant's participation in it).

"One acceptable method is the so-called 'mini-hearing' in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary *Enright* finding." *Vinson*, 606 F.2d at 152 (emphasis added). If, through the mini-hearing, the Court finds the co-conspirator statements to be admissible, the Government can then present its case, co-conspirator statements included, to the jury. *Id.*

Under the second method, the Government must establish the admissibility of the co-conspirator statements through the presentation at trial of its non-hearsay evidence of the conspiracy. *Vinson*, 606 F.2d at 152. If, after considering the non-hearsay evidence, the court finds that the co-conspirator statements are admissible, the court will permit the Government to introduce the challenged statements. *See id.*

And as a third option, a district court can admit the co-conspirator statements subject to the Government's later demonstration of their admissibility. *Vinson*, 606 F.2d at 153. If, at the conclusion of the Government's case-in-chief, the court finds that the Government has established the admissibility of the co-conspirator statements, the court should overrule the defendant's hearsay objection and allow the jury to consider all of the Government's evidence,

co-conspirator statements included. *Id.* If the Government fails to establish the co-coconspirator statements' admissibility, the court must declare a mistrial or give a cautionary jury instruction regarding the co-conspirator hearsay statements. *Id.*

The Court finds the second method most appropriate for this case. This method avoids the burden of holding a mini-trial. *See Vinson*, 606 F.2d at 152 (stating that the mini-trial procedure "has been criticized as burdensome, time-consuming, and uneconomic"). This method also insulates against mistrial given that the co-conspirator statements are not presented to the jury until after the Court has made the preliminary admissibility determination. *See id.* at 152–53 (explaining that the second method of making an *Enright* finding "avoids 'the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes'" (quoting *United States v. Macklin*, 573 F.2d 1046, 1049 n.3 (8th Cir. 1978))).

Farooq's Motion [ECF No. 82] is, thus, **GRANTED IN PART and DENIED IN PART**. The Court will not hold a pretrial evidentiary hearing as Farooq requests. Nor will the Court direct the Government to file a pretrial written proffer. Instead, the Government must attempt to establish the admissibility of the co-conspirator statements at trial through non-hearsay evidence of the alleged conspiracy. If, based on this non-hearsay evidence, the Court concludes that the co-conspirator statements are admissible under Evidence Rule 801(d)(2)(E), the Government will then be permitted to introduce the co-conspirator statements to the jury.

**IT IS SO ORDERED.**

_____6-9-2017_____  
DATE

_____/s/_____  
EDMUND A. SARGUS, JR.  
CHIEF UNITED STATES DISTRICT JUDGE

4