UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 3:15-cr-358
    CHIEF JUDGE EDMUND A. SARGUS, JR.

YAHYA FAROOQ MOHAMMAD, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Government's classified, ex parte, in camera Motion for a Protective Order under § 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1). (*See* Notice of Filing under CIPA ("Notice") at 1 [ECF No. 172].) For the following reasons, that Motion is **GRANTED**.[1]

### I.

Defendants Yahya Farooq Mohammad ("Farooq"), Ibrahim Zubair Mohammad, Asif Ahmed Salim, and Sultane Roome Salim were indicted on September 30, 2015, and charged with (Count 1) conspiracy to provide and conceal material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 2) providing material support to terrorists, in violation of 18 U.S.C. § 2339A; (Count 3) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (brought against Farooq and Ibrahim only); and (Count 4) conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k). (Indictment at 12–72 [ECF No. 1].)

---

[1] The Court will file a classified version of this Opinion and Order with the Classified Information Security Officer ("CISO").

The Government accuses Defendants of conspiring to provide, and actually providing, funds and other material support to Anwar al-Awlaki for the preparation and execution of terrorist attacks and killings. (*See* Indictment at 12, 68.) The Government contends that Defendants conspired to obstruct its investigation into their illicit fundraising by making false statements to the FBI and destroying or concealing records. (*Id.* at 65–67, 71–72.) And as to Farooq and Ibrahim, the Government additionally alleges that they conspired to raise money for al-Awlaki through various fraudulent credit card and PayPal transactions. (*Id.* at 68–71.)

On November 18, 2016, the Government moved for a protective order under CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1). (*See* Notice at 1 [ECF No. 172].) The Government requests that the Court (1) conduct an ex parte and in camera review of the Government's § 4 submission; (2) order that the Government's submission be sealed and preserved to be made available to the appellate court in the event of an appeal; (3) authorize the Government to disclose to the defense a summary of statements in lieu of classified information; and (4) authorize the Government to delete specified items of classified information from the documents to be produced to the defense through discovery. The Government has publicly filed a Notice of its Motion. (*See id.*) The Motion itself was filed under seal with the Classified Information Security Officer for the Court's in camera and ex parte review. (*See id.*)

## II.

### A. CIPA § 4

Under § 4 of Classified Information Procedures Act,

> [t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for

2

such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. app. 3 § 4. This section, in other words, "'permits the government to have the trial court examine classified information *in camera* and *ex parte* and determine whether it is necessary for the defense.'" *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011) (quoting *United States v. Smith*, 899 F.2d 564, 565 n.1 (6th Cir. 1990)).

The Sixth Circuit has adopted the "relevant and helpful" standard for determining under CIPA § 4 whether classified information should be disclosed to the defense. *See United States v. Amawi*, 695 F.3d 457, 470 (6th Cir. 2012). This standard involves a three-step analysis. First, the Court must determine that the information is relevant. *Id.* Second, the Court must determine whether the Government has asserted a colorable claim of privilege over the information. *Id.*; *see also Hanna*, 661 F.3d at 295 ("[A] protective order will only issue against disclosure of 'classified information,' . . . and 'classified information' is 'information or material that has been determined by the United States Government . . . to require protection against unauthorized disclosure for reasons of national security.'" (internal citations omitted)). And third, the Court must determine that the information is helpful to the defense. *Amawi*, 695 F.3d at 470; *see also United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (holding that "classified information is not discoverable on a mere showing of theoretical relevance," but only on a showing that the information is at least helpful to the defense). In applying this analysis, the Court acts, in essence, as "standby counsel for the defendants," placing itself in defense counsel's shoes and determining what may be relevant and helpful to their case. *Amawi*, 695 F.3d at 471.

The relevant and helpful standard under CIPA § 4 is easier to satisfy than the favorable materiality standard under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). All *Brady* evidence that is "favorable" is also "relevant and helpful" under CIPA § 4, but not all relevant and helpful evidence is favorable. *Amawi*, 695 F.3d at 471; *see also United States v. Mejia*, 448 F.3d 436, 456–57 (D.C. Cir. 2006) ("While *Brady* information is plainly subsumed within the larger category of information that is 'at least helpful' to the defendant, information can be helpful without being 'favorable' in the *Brady* sense . . . ."). "Simply stated, evidence that needs to be disclosed under *Brady* would also need to be disclosed under [CIPA § 4], but not the other way around." *Amawi*, 695 F.3d at 471.

If, after applying the three-step analysis, the Court determines that the classified information is relevant and helpful to the defense, the Court should consider "the protective options short of full disclosure that are set forth in CIPA § 4, namely, permitting the government 'to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.'" *Mejia*, 448 F.3d at 457 n.18 (quoting 18 U.S.C. app. 3 § 4).

## B. Farooq's Objections

Farooq objects to an ex parte, in camera review of the Government's § 4 Motion. (*See* Farooq Mem. in Opp'n at 1–2 [ECF No. 178].) He contends that defense counsel holding appropriate security clearance should be permitted to review the Motion because ex parte proceedings are disfavored and because the Court is ill-equipped to act as surrogate defense counsel. (*Id.* at 1–2, 7–11.) Alternatively, Farooq avers that the Court should "(a) require the Government to disclose its legal arguments in support of its § 4 application to cleared defense counsel; and/or (b) provide defense counsel an opportunity to present to the Court ex parte

4

information that will significantly assist the Court's review of the [G]overnment's § 4 submission, as well as its evaluation of whether that submission includes discoverable information." (*Id.* at 1–2.)

Farooq's objection to an ex parte, in camera review of the Government's § 4 Motion is without merit. Federal Rule of Criminal Procedure 16(d)(1) and CIPA § 4 explicitly provide for these procedures. Rule 16(d)(1) states that "[a]t any time, the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief," as well as "permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1); *see Hanna*, 661 F.3d at 294. And, as noted above, CIPA § 4 states that the Government may make a request for the authorization to delete classified information from discovery "in the form of a written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4; *see Hanna*, 661 F.3d at 294–95. The Government's representations of the harm that could result from disclosure, even to cleared counsel, of the classified information at issue constitutes good cause for the Court to review the Government's Motion ex parte and in camera. Farooq's request that his counsel be permitted to review the Government's § 4 Motion is undermined, moreover, by the Court's conclusion, explained below, that none of the classified information that the Government proposes to delete from discovery is relevant and helpful to Farooq. *See Hanna*, 661 F.3d at 295 (holding that the district court acted within its discretion in withholding from the defendant the Government's ex parte, in camera submission given that the withheld information "would not [have been] helpful to the defense").

The Court acknowledges that it is not as well informed of the defense's theories of the case as Farooq and his counsel are. (*See* Farooq Mem. in Opp'n at 9.) The Court, nonetheless, has sufficient knowledge of the case—and sufficient knowledge of Farooq's theories of the

5

case—to determine whether the Government's § 4 submission contains information that would be relevant and helpful to Farooq's defense. The ex parte procedure, moreover, is explicitly provided for under CIPA § 4. *See Amawi*, 695 F.3d at 471 (Acting as standby counsel for the defendants "is not a position that we relish, yet it is required by CIPA, as interpreted by *Yunis* and its progeny.").

To the extent that Farooq argues for disclosure of the Motion to defense counsel based on counsel's possession of security clearance, Farooq's argument again falls flat. As the Sixth Circuit has explained, even cleared counsel are not permitted to participate in the Court's ex parte and in camera review under CIPA § 4. *Amawi*, 695 F.3d at 473. "The possession of a security clearance only becomes relevant *after* the district court determines, in accordance with section 4, that any classified information is discoverable." *Id.*

Regarding Farooq's alternative argument, the Court notes that his request has been satisfied. The Court met ex parte with defense counsel on February 3, 2017. During that meeting, counsel for each of the Defendants (Farooq's counsel included) provided the Court with information to assist it in reviewing the Government's Motion.

And as to the other side of Farooq's alternative request—that the Court order disclosure of the legal arguments supporting the Government's Motion—Farooq's request is not well taken. Under § 4, the Government may make a request "in the form of a written statement to be inspected by the court alone." 18 U.S.C. app. 3 § 4. If the Court enters an order granting the Government's requested relief following an ex parte showing, "*the entire text of the statement* of the United States shall be sealed and preserved." *Id.* (emphasis added). Contrary to Farooq's suggestion, § 4 does not distinguish between the Government's legal and factual arguments.

Section 4 provides for an ex parte, in camera review of the Government's Motion in its entirety. *See id.*

C.  **The Government's § 4 Motion**

The Court has carefully reviewed the Government's § 4 Motion and the accompanying documents. And based on that review, the Court concludes that the information submitted by the Government is not relevant and helpful to Farooq's defense. The Court's conclusion is cabined, however, by the fact that the Court does not know, aside from several limited representations, the evidence the Government intends to introduce at trial. What is relevant and helpful to Farooq depends in part on the scope of that evidence.

The Court offers two observations on this issue. First, the Court does not, based on its current understanding of the Government's intended trial evidence, find information regarding unindicted co-conspirator #2 to be relevant and helpful to Farooq. This analysis could change, though, if the Government calls unindicted co-conspirator #2 as a witness or relies on certain statements made by him. And second, based on the Government's intended use of statements made by Farooq, the Court does not find the applicable classified information to be relevant and helpful. But, again, the Court's analysis could change if the Government seeks to use Farooq's statements in a different way.

### III.

The Government's Motion for a Protective Order under CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1) is, accordingly, **GRANTED**. The Government may disclose a summary of statements in lieu of classified information. And the Government may delete the specified items of classified information from the documents to be produced to Farooq through discovery. These determinations are subject to change, as noted above, based on the evidence

7

that the Government introduces at trial. The Government's Motion and the accompanying documents shall be sealed and preserved to be made available for review in the event of an appeal.

**IT IS SO ORDERED.**

<u>  6-13-2017  </u>
**DATE**

<u>  /s/ signature  </u>
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**